UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

JOHN S. MAZELLA,                                                    Case No. 10-23122 (RDD)

                Debtor.                                        Chapter 13

---------------------------------------------------------x
JOHN S. MAZELLA,

                Plaintiff,

   -Against-
                                                            Adv. Case No.10-8455(RDD)
RONALD FELDSTEIN,

                Defendant.
---------------------------------------------------------x

## SECOND AMENDED COMPLAINT

John S. Mazella (the "Plaintiff") by and through his co-counsel Ortiz & Ortiz, L.L.P., as and for his proposed Second Amended Complaint alleges as follows:

### THE PARTIES

1.     The Plaintiff, John S. Mazella, is an individual residing at 105 Oregon Road, Mt. Kisco, New York 10549.

2.     Defendant Ronald Feldstein ("Defendant") is an individual residing at 425 East 58th Street, New York, New York  10022.

3.     On June 6, 2010, the Debtor filed a voluntary petition for relief under Chapter 13 of the U.S. Bankruptcy Code.

4.     The instant adversary proceeding was commenced on December 31, 2010.

## JURISDICTION

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C.§ 157, this Court has subject matter jurisdiction over this action, as the proceeding arises under and in the above-captioned bankruptcy case and concerns the administration of the estate.

## BACKGROUND

6. The Plaintiff was a nominal principal of an entity named Tri-County Mobile MRI, LP ("Tri-County").

7. The Defendant was the actual principal of Tri-County.

8. Tri-County ceased operating and defaulted on a loan obligation to The State Bank of South Orange.

9. The State Bank of South Orange brought a collection action against Tri-County and the Plaintiff, as guarantor, and obtained a judgment against the Plaintiff in 1998 for the principal sum of $147,500 (the "Judgment").

10. The Plaintiff filed a voluntary Chapter 11 bankruptcy petition in the Southern District of New York on June 11, 1999, under Case Number 99 B 21428 (ASH).

11. On June 28, 2001, the bankruptcy court so-ordered a stipulation (the "Bankruptcy Stipulation") between the Plaintiff and the Defendant in which the Defendant agreed to satisfy all of the unpaid debts of Tri-County, including the Judgment, and indemnify the Plaintiff for all of Tri-County's unpaid debts.

12. The Cadle Company ("Cadle") acquired the Judgment by assignment and commenced an enforcement proceeding in 2002 against the Plaintiff in the N.Y.S. Supreme Court, New York County, bearing Index No. 107746/2002, that was assigned to the Hon.

10-08455-rdd Doc 29 Filed 12/07/12 Entered 12/07/12 15:40:00 Main Document Pg 3 of 7

Marilyn Shafer (the "Collection Action").

13. During the Collection Action, by order dated May 27, 2003, Judge Shafer found that, pursuant to the Bankruptcy Stipulation, the Defendant Plaintiff was the primary obligor of the Judgment and the Defendant had agreed to hold the Plaintiff harmless as to that debt.

14. By Memorandum Decision dated July 7, 2004, Judge Shafer found that the Defendant had made payments to Cadle, pursuant to the terms of the Bankruptcy Stipulation, through July 2003.

15. By, among other things, the Affirmation of Gerard A. Riso dated September 14, 2004, that was filed in the Collection Action, the Defendant admitted that (a) he had performed under the terms of the Bankruptcy Stipulation by satisfying all of the Tri-County debt, except for the Judgment, and (b) he had tendered post-dated checks to Cadle, for payment on the Judgment, through May 2005. A copy of the Affirmation is annexed as Exhibit A.

16. The Defendant was added as a necessary party to the Collection Action.

17. By stipulation, so-ordered by Judge Shafer on October 25, 2004 (the "State Stipulation"), the Defendant agreed to make payments to Cadle in monthly installments of $7,500.00 each commencing October 15, 2004, until the full amount of the Judgment was paid in full.

18. Pursuant to the State Stipulation, the Plaintiff provided Cadle with eight post-dated checks for the monthly payments; the checks were tendered for payments through May 15, 2005.

19. As a result of the Defendant's payments to Cadle in 2004 and 2005, the Debtor was led to believe that the Plaintiff intended to honor his agreements to satisfy the Judgement.

3

20. The Defendant tendered the monthly installment payments directly to Cadle through February 2005; the March 2005 post-dated check was returned as unsatisfied.

21. As a result of the Defendant's default under the State Stipulation, Cadle obtained a judgment against the Defendant, dated October 26, 2005, in the amount of $106,478.33. The judgment reflected the $37,500 in indemnification payments the Defendant made to Cadle on the Debtor's behalf.

22. The Plaintiff alleged that the Defendant defaulted in his obligations under the Bankruptcy Stipulation and the State Stipulation and, at the time of the filing of the bankruptcy petition, the sum of no less than $126,541.73 was due and owing to the Plaintiff from the Defendant.

23. After the Plaintiff filed his Chapter 13 bankruptcy petition on June 6, 2010, he filed an Application for Removal of the Collection Action on July 20, 2010, with the U.S. District Court, Southern District of New York.

24. The Plaintiff has paid the Chapter 13 Trustee monthly plan payments in excess of $65,000 since his bankruptcy case was filed to satisfy the Judgment, and he is obligated to pay the full remaining amount of the Judgement by July 1, 2015.

### FIRST CLAIM FOR RELIEF
(Declaratory Judgment)

25. Plaintiff restates and each and every allegation of paragraphs numbered "1" through "24" as if fully set forth hereat.

26. The Defendant has failed to make payments to Cadle pursuant to the Bankruptcy Stipulation, the State Stipulation, and the money judgment entered against him.

27. As of the date of the Debtor's filing of his chapter 13 petition, there remains due

and owing to Cadle a principal balance in the sum of no less than $126,541.73.

28.    An actual controversy has arisen between the parties with respect to the rights, obligations and duties of the parties under the Bankruptcy Stipulation and the State Stipulation.

29.    The Plaintiff seeks a judgment declaring that the Defendant is the primary obligor of Judgment, is obligated to satisfy the Judgment in full, and that the Defendant is precluded from availing himself of any defenses not previously raised to the enforcement of the Judgment.

30.    Accordingly, the Plaintiff is entitled to the entry of a declaratory judgment that the Defendant is obligated to reimburse the Debtor for the payments made to Cadle, the legal fees and costs incurred by the Plaintiff, and the payments due to Cadle under the Plaintiff's Chapter 13 plan.

## SECOND CLAIM FOR RELIEF
(Indemnification)

31.    Plaintiff realleges restates and reasserts each and every allegation of paragraphs numbered "1" through "30" as if fully set forth hereat.

32.    Pursuant to the Bankruptcy Stipulation and the State Stipulation, the Defendant is obligated to indemnify the Plaintiff for any and all costs incurred in connection with the Judgment.

33.    Pursuant to the Bankruptcy Stipulation and the State Stipulation, the Defendant is required, by way of indemnification, to reimburse the Plaintiff for all or any liability arising from the Judgment, including all costs and reasonable attorneys fees incurred by the Plaintiff in connection with the Judgment.

## THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

34.     The Plaintiff realleges restates and reasserts each and every allegation of paragraphs numbered "1" through "33" as if fully set forth hereat.

35.     The Defendant was obligated to satisfy the Judgment, and has failed to do so.

36.     As a result of the Defendant's conduct, the Plaintiff has satisfied a portion of the Judgment, and is obligated to pay it in full under the terms of the Plaintiff's bankruptcy plan.

35.     As a result, the Defendant has become unjustly enriched and has benefitted at the direct expense of the Plaintiff.

## FOURTH CLAIM FOR RELIEF
(Breach of Contract)

37.     The Plaintiff realleges restates and reasserts each and every allegation of paragraphs numbered "1" through "36" as if fully set forth hereat.

38.     The Bankruptcy Stipulation and the State Stipulation provided that the Defendant would satisfy the Judgment in full.

39.     By failing to satisfy the Judgment, the Defendant had violated the terms of the Bankruptcy Stipulation and State Stipulation, and his agreement to satisfy the Plaintiff's obligations under the Judgment.

40.     As a result of the Defendant's conduct, the Plaintiff has suffered damages.

WHEREFORE, Plaintiff John S. Mazella demands judgment against the Defendant as follows:

(A) That the Court declare that the Plaintiff is indemnified by the Defendant for all payments required to be paid under the Chapter 13 Plan to Cadle, together

with legal fees and accrued interest; and

(B) That the Court declare that the Defendant is directed to pay and reimburse the Plaintiff for the payments already tendered to Cadle under the terms of the Chapter 13 plan, together with legal fees and accrued interest; and

(C) That the Court declare that the Defendant is directed to pay to Jeffrey Sapir, Chapter 13 Trustee, the succeeding monthly Chapter 13 plan payments of $2,742.00 owed Cadle through the completion of the plan, together with legal fees and accrued interest; and

(D) that the Court award a judgment against Defendant for the full amount of damages incurred by the Plaintiff, including the costs and legal fees incurred by the Plaintiff; and

(E) For such other relief as the Court may deem just and proper.

Brooklyn, New York
Dec. 7, 2012

*S/Norma E. Ortiz*
Norma E. Ortiz
Ortiz & Ortiz, LLP
127 Livingston Street
Brooklyn, NY 11201
Tel. (718) 522-1117
Co-counsel to the Plaintiff