UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re

JOHN S. MAZELLA,                                          Case No.  10-23122-RDD
                         Debtor.
--------------------------------------------------------x   Confirmed Chapter 13

JOHN S. MAZELLA,


                         Plaintiff,                       Adv. Proc. No. 10-8455


     -against-.


RONALD FELDSTEIN,


                         Defendant.
-------------------------------------------------------x

**ORDER (1) DENYING DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT AND (2) GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

John Mazella (the "Plaintiff") filed a Second Amended Complaint in this adversary

proceeding  seeking four claims for relief against the defendant, Ronald Feldstein ("Feldstein").

Thereafter, the Plaintiff moved for entry of an order ("Plaintiff's Motion"), pursuant to Fed. R.

Bankr. 7056, declaring that the Plaintiff is the primary obligor of a judgment, dated August 26,

1998, that is entitled "State Bank of South Orange v. Tri County Mobile MRI LP, et al," entered

in the Superior Court of New Jersey, Essex County, under Docket No. L-11211-97, and assigned

to the Cadle Company, Inc. (the "Cadle Judgment").  Plaintiff's Motion also sought entry of an

order pursuant to Fed. R. Bankr. P. 7056 declaring that Feldstein is obligated to satisfy the Cadle

Judgment in full, declaring that Feldstein is precluded from availing himself of any defenses not

previously raised to the enforcement of the Cadle Judgment, declaring that Feldstein is obligated

to reimburse the Plaintiff for all payments made previously to the Cadle Company to satisfy the

Cadle Judgment, including the payments made under the Plainfitt's Chapter 13 plan approved by

this Court, declaring that the Plaintiff is obligated to pay the remaining prospective payments

1

due under the Plaintiff's Chapter 13 plan to the Cadle Company, declaring that Feldstein must

reimburse the Plaintiff for all legal fees and costs incurred by the Plaintiff, directing Feldstein to

reimburse the Plaintiff for all and any liabilities, legal fees, and costs incurred arising from the

Cadle Judgment, and seeking an award for the full amount of damages incurred by the Plaintiff

as a result of Feldstein's failure to comply with his agreements to satisfy the Cadle Judgment.

Feldstein cross-moved ("Defendant's Cross Motion") for an order under Fed. R. Bankr.

P. 7056 seeking various forms of relief against the Plaintiff.

There was due and sufficient notice of both the Plaintiff's Motion and Defendant's Cross

Motion.  The Court has jurisdiction over Plaintiff's Motion and Defendant's Cross Motion under

28 U.S.C. §§ 157(a) - (b) and 1334, which are core matters under 28 U.S.C. § 157(b)(2) in which

the Court may issue a final order.

The Court conducted a hearing on the Plaintiff's Motion and the Defendant's Cross

Motion on December 12, 2013 (the "Hearing').  Norma E. Ortiz, of Ortiz & Ortiz, L.L.P.,

appeared on behalf of the Plaintiff; Edward R. Minson, of  Stein Riso Mantel McDonough,

L.L.P., appeared on behalf of Feldstein.  At the hearing, the Plaintiff withdrew any request for

relief under the Third Claim for Relief of the Amended Complaint.

Upon all of the pleadings filed in connection with Plaintiff's Motion and Defendant's

Cross Motion and the record of the Hearing, and for the reasons stated by the Court in its bench

ruling at the Hearing, it is hereby

**ORDERED**, the Defendant's Cross-Motion is denied; and it is further

**ORDERED**, that Plaintiff's Motion is granted in Plaintiff's favor on Claims One, Two

and Four in its complaint; and it is further

**ORDERED, ADJUDGED, DECREED AND DECLARED**, that Feldstein is the

primary obligor of the Cadle Judgment, and Feldstein shall (1) reimburse the Plaintiff for all

payments made by the Plaintiff to the Cadle Company to satisfy the Cadle Judgment, including

all payments made to the Chapter 13 trustee in this case to satisfy the Cadle Judgment, (2) pay

the Chapter 13 trustee prospectively all amounts as they come due to the Cadle Company under

the Plaintiff's Chapter 13 plan, (3) reimburse the Plaintiff for all reasonable costs and attorneys

fees incurred in connection with the Cadle Judgement and arising from Feldstein's failure to

comply with his agreements to satisfy the Cadle Judgment (such amounts to be determined by

the Court after notice and a hearing if not agreed by the parties), and (4) pay the Plaintiff the full

amount of damages proximately incurred as a result of the Cadle Judgment (such amounts, to the

extent not already covered by clauses (1) - (3) above, to be determined by the Court after notice

and a hearing if not agreed by the parties).


Dated: White Plains, New York

      January 30, 2014


                    Robert D. Drain

                    United States Bankruptcy Judge